**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

CHAVONE MILLER, on behalf of herself
and all others similarly situated,

          Plaintiff,

v.                          Case #:

ALCHRO, INC. d/b/a FIRST FEDERAL
CREDIT & COLLECTIONS,

          Defendant.

_____/

**CLASS ACTION COMPLAINT**

      Plaintiff, CHAVONE MILLER (hereinafter "Ms. MILLER"), individually and on behalf

of others similarly situated, files this action against Defendant, ALCHRO, INC. d/b/a FIRST

FEDERAL CREDIT & COLLECTIONS (hereinafter "FIRST FEDERAL CREDIT"), for

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and

the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Fla. Stat. In support,

Plaintiff alleges the following:

**INTRODUCTION**

      1.     This case arises out of the substantive rights of Plaintiff and Class Members

under the FDCPA and the FCCPA.

      2.     FIRST FEDERAL CREDIT is a debt collector that companies have hired to

collect monies allegedly due from Plaintiff and Class Members.

      3.     Plaintiff alleges that in collecting these debts allegedly due from Plaintiff and

Class Members, FIRST FEDERAL CREDIT has routinely and systematically mailed them

letters that are the same or are substantially similar to Exhibit A and which violate the FDCPA

and FCCPA.

4.      The FDCPA requires debt collectors including FIRST FEDERAL CREDIT to represent debt information in a non-misleading manner.

5.      For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for FIRST FEDERAL CREDIT's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiffs and Class Members' substantive rights under these statutes, causing Plaintiff and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7.      The Court has personal jurisdiction because Defendant does business throughout the United States, including Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8.      Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting Florida, including, collecting consumer debts of Plaintiffs and Class Members in this District and throughout Florida.

9.      Venue is proper in this District under 28 V.S.C. §§ 1391(b)(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10.    All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

## PARTIES

11.    Plaintiff, CHAVONE MILLER (hereinafter "Ms. MILLER"), is natural person, citizen of Florida, and a consumer within the meaning of the FDCPA.

12.    Sometime prior to June 22, 2021, Plaintiff allegedly incurred a financial obligation/debt to HOLY CROSS EKG ASSOCIATES ("HOLY CROSS EKG") or a previous creditor.

12.    Each Class Member is a consumer who was sent the same form of collection letter or a substantially and materially similar letter as Plaintiff from FIRST FEDERAL CREDIT.

13.    Defendant, FIRST FEDERAL CREDIT is a corporation and citizen with a principal place of business in Hollywood Florida. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts. Defendant was hired by HOLY CROSS EKG or other parties to collect on an alleged debts owed by Plaintiff and other Class Members.

## APPLICABLE LAWS

**Fair Debt Collection Practices Act**

14.    The purpose of the FDCPA is "to eliminate abusive debt collection practices ... to promote consistent State action to protect consumers against debt collection abuses... " 15 U.S.C. § 1692.

15.    The FDCPA generally prohibits debt collectors, including FIRST FEDERAL CREDIT, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, and from overshadowing and/or

contradicting Plaintiff's rights under the FDCPA.

**Florida Consumer Collection Practices Act**

16.     The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010)(citing § 559.552, Fla. Stat.).

17.     Like the FDCPA, the FCCPA prohibits persons, including FIRST FEDERAL CREDIT, from engaging in certain abusive practices in the collection of consumer debts. *See* generally § 559.72, Fla. Stat.

18.     Specifically, the FCCPA states that no person, including FIRST FEDERAL CREDIT, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

<u>FACTUAL ALLEGATIONS RELATING TO PLAINTIFF</u>

19.     Sometime prior to June 22, 2021, Plaintiff allegedly incurred a debt with HOLY CROSS EKG or a previous creditor.

20.     <u>The Collection Letter.</u> After the referral from HOLY CROSS EKG, FIRST FEDERAL CREDIT mailed Plaintiff a collection letter dated June 22, 2021, to her Florida residence; a true and accurate copy of which is attached hereto as Exhibit A and incorporated fully herein by reference.

21.     The June 22, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

22.     The June 22, 2021 letter was the initial written communication that Plaintiff received from FIRST FEDERAL CREDIT.

23.     No other written communication was received by Plaintiff from FIRST

FEDERAL CREDIT within five days of the June 22, 2021 letter.

24.     Upon receipt, Plaintiff read and relied on the statements in the June 22, 2021 letter.

25.     The June 22, 2021 letter identifies FIRST FEDERAL CREDIT as a debt collector and stated in part:

> Our client has forwarded to this agency the above mentioned account. **Their documentation clearly establishes a past due balance in the amount indicated above.** The account is considerably past due and **after reviewing the available information we find no justification for further delay of payment.** (emphasis added)
>
> Our client has sent you invoices which you have ignored.  It is not our ultimate objective to affect your Credit rating, however there are instances when a situation arises and there is not much we can do. THIS LETTER MAY BE THE LAST NOTICE YOU RECEIVE BEFORE YOUR CREDIT IS ADVERSELY AFFECTED.
>
> Accordingly, demand is hereby made for the payment of the above referenced amount.

26.     In addition, the June 22, 2021 letter also stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt to be valid.  If you notify this office in writing within 30 days after receiving this notice, our office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request to this office in writing within the 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

27.     Plaintiff has rights that are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

28.     The June 22, 2021 letter does not properly advise Plaintiff of her rights under 15 U.S.C. § 1692g(a)(4) of the FDCPA.

29.     The June 22, 2021 letter falsely represents and implies to Plaintiff and other

5

Class Members that **any** writing sent to Defendant would be sufficient under 15 U.S.C. § 1692g(a)(4) of the FDCPA.  However, 15 U.S.C. § 1692g(a)(4) of the FDCPA specifies that Plaintiff must send a writing that disputes the validity of the debt or any portion thereof.

30.     A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly.

31.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

32.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

33.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

34.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

35.     Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the overshadowing and/or contradicting language fits together with the consumer's right to dispute the debt.

36.     The June 22, 2021 letter does not include any reconciling statement.

37.     Further, Defendant's June 22, 2021 letter does not explain what would happen to the time period in which Defendant would submit a negative credit reporting on Plaintiff's

credit record to a credit reporting agency should Plaintiff exercise her rights under 15 U.S.C. §
1692g(a)(3)-(5).

38.     Defendant could have advised Plaintiff and others similarly situated that:

> If you dispute the debt, request proof of the debt, or request the name
> of the original creditor in writing within the 30 day period described
> herein, the settlement due dates and the time period in which we will
> submit a negative credit reporting on your credit record to a credit
> reporting agency will be extended by the number of days from the
> date of your request to the date this office has mailed you the
> requested information.

39.     Without the inclusion of a "reconciling statement", Defendant's letter violates
the FDCPA as it overshadows and renders the Validation Notice ineffective.

40.     Defendant's June 22, 2021 overshadowed and/or contradicted Plaintiff's rights
under 15 U.S.C. § 1692g(a)(3)-(5).

41.     Defendant's June 22, 2021 rendered the rights afforded Plaintiff under 15
U.S.C. § 1692g(a)(3)-(5) ineffective.

42.     After reading Defendant's June 22, 2021 letter Plaintiff and other Class
Members would be dissuaded from exercising their respective rights under 15 U.S.C. §
1692g(a)(3)-(5).   Plaintiff and other Class Members would be dissuaded from exercising their
respective rights because:

- Their documentation clearly establishes a past due balance in the amount
  indicated above.

- …after reviewing the available information we find no justification for further
  delay of payment.

- Our client has sent you invoices which you have ignored.

43.     The June 22, 2021 letter creates confusion and leaves the Plaintiff and others
similarly situated uncertain as to their rights under the FDCPA.

44.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts

and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose her response.

46.     Defendant knew or should have known that its actions violated the FDCPA.

**DEFENDANT'S UNIFORM COURSE OF CONDUCT**

47.     Ms. MILLER's experience is not unique. FIRST FEDERAL CREDIT has regularly collected on the debts of Class Members defined below, and in collecting those debts, FIRST FEDERAL CREDIT has routinely and systematically violated the FDCPA and the FCCPA.

48.     Upon information and belief, FIRST FEDERAL CREDIT tracks its general business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, and the principal allegedly owed.

34.     Upon information and belief, FIRST FEDERAL CREDIT tracks via electronic records their written requests for information from debtors, communications with them, and collection letters sent them.

35.     Upon information and belief Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

36.     Its collections and communication to debtors, are part of routine policy and

procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts the same or substantially similar to Exhibit A.

37.    <u>The Common Injury.</u> The FDCPA and the FCCPA respectively create shared, substantive statutory rights for Plaintiff and Class Members.

38.    The FDCPA creates a private right of action under 15 U.S.C. § 1692k. The FDCPA created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

>    a.    The right to receive accurate information, representations, and disclosures about debts;
>
>    b.    The right to be protected from unfair or unconscionable practices in collections of debts; and
>
>    c.    The right to be protected from deceptive means of collecting debts.

*See* 15 U.S.C. §§ 1692e, 1692f, 1692g and 1692k.

39.    The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right vis-a-vis their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff asks to be designated as a Class Representative, and as Class

Representative brings this action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all other persons similarly situated-the "Class" or "Class Members" defined as follows:

> Within the applicable statutes of limitation, all-natural persons in Florida, whom Defendant sent a collection letter, on behalf of HOLY CROSS EKG, which included the alleged conduct and practices described herein.

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose debts were for commercial purposes (not for personal, family, or household purposes), and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

41.     Numerosity. (Fed. R. Civ. P. 23(a)(1)). Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases.

42.     Commonality. (Fed. R. Civ. P. 23(a)(2)). There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

a.   Whether Defendant's June 22, 2021 letter overshadows and/or contradicts the rights of Plaintiff and other Class Members;

b.   Whether Defendant's June 22, 2021 letter properly and effectively conveyed to Plaintiff and the Class Members the notices that are required by the FDCPA;

c.   Whether Defendant's June 22, 2021 letter violates any provisions of the FCCPA  or FDCPA;

      d.   Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

      e.   Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

43.    <u>Typicality.</u> (Fed. R. Civ. P. 23(a)(3)). The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving her claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member were sent the standardized collection letter by Defendant described above, when it was trying to collect a debt. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

44.    <u>Adequacy.</u> (Fed. R. Civ. P. 23(a)(4)). The Class Representative is a natural person, and she has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or FDCPA or FCCPA claims in this District;

45.    <u>Predominance and Superiority.</u> Fed. R. Civ. P. 23 (b)(3). The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
## (Fair Debt Collection Practices Act 15 USC § 1692 et seq.)

46.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47.     Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48.     The monies allegedly owed by Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction ... [that is]... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

49.     FIRST FEDERAL CREDIT is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the debts from Plaintiff and Class Members via collection letters. The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

50.     FIRST FEDERAL CREDIT engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters.

51.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

52.     As stated above, Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f and 1692g.

53.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54.     Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

55.     Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

56.     Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e; § 1692e(5); 1692e(7) and § 1692e(10).

57.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

59.     As described herein, Defendants violated 15 U.S.C. § 1692e(5).

60.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from falsely representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer.

61.     As described herein, Defendants violated 15 U.S.C. § 1692e(7).

62.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

64.     Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

65.     As described herein, Defendant's letter violated 15 U.S.C. § 1692g et al.

66.     Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3)-(5).

67.     Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity

which overshadows or is inconsistent with the consumer's right to dispute the debt.

68.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

70.     These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

71.     As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

**COUNT II**
**(Florida Consumer Collection Practices Act§ 559.72(9), Fla. Stat.)**

72.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

73.     Plaintiff and each Class Member is a "debtor" and "consumer" as defined by § 559.55(8), Fla. Stat.

74.     In § 559.72, Fla. Stat., the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. FIRST FEDERAL CREDIT is a "person" within the meaning of the FCCPA. Id.; See also§ § 1.01(3), Fla. Stat.

75.     The monies allegedly owed by Plaintiff and Class Members are debts under the FCCPA because each one is "an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

76.     The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

77.     As stated above, the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which FIRST FEDERAL CREDIT violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

78.     Based on the foregoing allegations, FIRST FEDERAL CREDIT violated the FCCP.

79.     These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

80.     As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts Defendant was collecting.

81.     As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under § 559.77, Fla. Stat.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE** Plaintiff, on behalf of herself and the Class, respectfully requests this Court to award against FIRST FEDERAL CREDIT in favor of Plaintiff and the Class all of the following:

a.     Certifying either Count I or Count II or both counts for class treatment under Fed. R. Civ. P. 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

b.     A judgment for actual damages under the FDCPA or the FCCPA;

c.     A judgment for statutory damages under the FDCPA or the FCCPA;

d.     A judgment for costs and reasonable attorney's fees under the FDCPA or the FCCPA; and,

e.     Any other relief for Plaintiff and the Class the Court deems just and proper.

Dated: May 26, 2022

**KANIUK LAW OFFICE, P.A.**
**Attorneys for Plaintiff**
1615 S. Congress Avenue, Suite 103
Delray Beach, FL 33445
Phone 561-292-2127
Email: **ron@kaniuklawoffice.com**

By:    ***/s/Ronald Scott Kaniuk***
       Ronald Scott Kaniuk, Esq. (FBN 0112240)